IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF TEXAS, § <br> *ex rel*. CHRISTOPHER A. CAREW, § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> SENSEONICS HOLDINGS, INC. and § <br> SENSEONICS, INC. § <br> § <br> Defendants. § | CIVIL ACTION NO. SA-20-CV-0657-FB |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge filed on March 3, 2023 (docket #42); Relator's Objections to the Report and Recommendation on Defendants' Motion to Dismiss filed on March 17, 2023 (docket #45); and Senseonics Defendants' Very Limited Objections to the Report and Recommendation of the United States Magistrate Judge filed on March 17, 2023 (docket #46).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends to this Court that Defendants' Motion to Dismiss the Amended Complaint (docket #31) should be GRANTED based on her analysis that the Amended Complaint "still fails to plead reliable indicia that false claims were actually submitted to a federal payor that were connected to the Eversense CGM System." Report, docket #42 at page 7. In addition, Magistrate Judge Chestney recommends that because all of the federal claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims asserted under the Texas Medicaid Fraud Prevention Act.

The Court has reviewed the plaintiff's objections and the defendants' very limited objections and has conducted a de novo review of those issues raised by the parties. The Court finds, after careful consideration of the record and the Report and Recommendation, that the Plaintiff's objections lack merit but will grant the defendants' very limited objections as set forth herein. Therefore, the Court hereby accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation (docket #42), incorporates herein the arguments and authorities presented in Senseonics Defendants' Motion to Dismiss the Amended Complaint (docket #31) and Defendants' Reply in Support of Motion to Dismiss (docket #38), and finds the recommendation should be accepted such that Senseonics Defendants' Motion to Dismiss the Amended Complaint (docket #31) shall be GRANTED such that all of Plaintiff's federal claims shall be DISMISSED WITH PREJUDICE and Plaintiff's state law claims shall be DISMISSED WITHOUT PREJUDICE as this Court declines to exercise supplemental jurisdiction over these claims pursuant

to 28 U.S.C. § 1367.¹  Based on *Meyer v. Coffey*, 231 F. Supp. 3d 137, 152 (N.D. Tex. 2017) "'(granting leave to replead even though the plaintiff had already amended her complaint because it was "the first time the court had addressed whether plaintiff's pleadings sufficiently stated a claim on which relief can be granted')," Plaintiff seeks leave to replead.  <u>Plaintiff's Objections</u>, docket #45 at page 24.  That request is denied.  Unlike *Meyer*, in which the Plaintiff amended her complaint prior to the Court addressing the Motion to Dismiss for the first time, this Court has previously ruled on Defendants' first Motion to Dismiss (docket #27) and accorded Plaintiff leave to file a First Amended Complaint which has now been addressed by this Court via Defendants' second motion to dismiss.

---

¹ Title 28 U.S.C. § 1367 governs supplemental jurisdiction and provides in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

   (1) the claim raises a novel or complex issue of State law,
   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   (3) **the district court has dismissed all claims over which it has original jurisdiction,** or
   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

(Emphasis added). A district court's application of 28 U.S.C. § 1367(c)(3) is reviewed for an abuse of iscretion. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004); *see Welch v. Thompson,* 20 F.3d 636, 644 (5th Cir. 1994) ("When all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdictional over the remaining state law claims."). The general rule in cases in which all federal claims are dismissed before trial is "that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction.*"  Priester*, 354 F.3d at 425.

Moreover, Plaintiff has failed to provide this Court with any additional facts or information which could be used in a second amended complaint to cure any of the previously discussed deficiencies.

Accordingly, IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge, filed in this case on March 3, 2023 (docket #42), is ACCEPTED such that Senseonics Defendants' Motion to Dismiss the Amended Complaint (docket #31) is GRANTED and all of Plaintiff's federal claims are DISMISSED WITH PREJUDICE for failure to state a claim and Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE as this Court declines to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.  IT IS FURTHER ORDERED that motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of March, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE